In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-08-00302-CR


 _____________________



SHAWN ELLIOTT HAYS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 4


Montgomery County, Texas


Trial Cause No. 07-227314







MEMORANDUM OPINION


 A jury convicted Shawn Elliott Hays of driving while intoxicated. See Tex. Pen.
Code Ann. § 49.04 (Vernon 2003). The trial court sentenced Hays to one year of
confinement in the county jail, suspended the imposition of the sentence, placed him on
community supervision for eighteen months, and assessed a fine of $750. Hays appeals from
a pre-trial ruling denying his motion to suppress. 

 At 1:45 in the morning, Texas Alcoholic Beverage Commission Agent Oscar Williams
observed a vehicle stop at a red light and then proceed through the red light. Williams
stopped the vehicle. He approached the vehicle driven by Hays, and when Williams
explained the reason for the traffic stop, Hays stated that he believed the light was green. 
Williams noticed "an odor of alcohol on [Hays] and his eyes were very watery and bloodshot
red." When Williams asked where Hays was coming from, Hays replied he was going to his
house. Williams asked the question again and Hays responded that he was coming from a
friend's house. Williams asked him what city they were in and Hays named a city twenty
miles from the city in which the stop was made. Hays denied consuming any alcohol that
evening.

 Williams administered the horizontal gaze nystagmus (HGN), walk-and-turn, and one-leg-stand field sobriety tests. On the HGN test, Hays exhibited six out of a possible six clues. 
On the walk-and-turn test, Hays exhibited four clues out of a possible eight clues, also
indicating intoxication. After Hays's fourth attempt at the one-leg-stand test, Williams
stopped the test for Hays's safety because Williams did not want Hays to fall over and injure
himself. After the field sobriety tests, Hays admitted he may have consumed "a few too
many." Williams placed Hays into custody for driving while intoxicated. Williams
inventoried the vehicle and found three unopened beer bottles. On the way to the jail, Hays
pleaded with Williams not to take him to jail and offered to do work on Williams's house if
he would release him.

 Williams did not videotape the stop because his patrol car was not equipped with a
video camera. He intended to videotape the field sobriety tests at the jail, but the video
camera at the jail was not properly functioning. 

 An appellate court reviews a trial court's ruling on a motion to suppress evidence for
an abuse of discretion. State v. Dixon, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). We
review the record in the light most favorable to the trial court's conclusion. Id. An appellate
court will sustain the trial court's ruling if it is reasonably supported by the record and is
correct on any theory of law applicable to the case. Id. Under circumstances like those
presented here, we may consider the relevant trial testimony. See Rachal v. State, 917
S.W.2d 799, 809 (Tex. Crim. App. 1996) ("Where the State raises the issue at trial either
without objection or with subsequent participation in the inquiry by the defense, the
defendant has made an election to re-open the evidence, and consideration of the relevant
trial testimony is appropriate in our review.").

 Hays argues the evidence from the HGN test was inadmissible and unreliable because
the HGN test was not recorded on video and the evidence from the test should have been
excluded based on Rudd, Emerson, and Kelly. Texas Rule of Evidence 702 states that "[i]f
scientific, technical, or other specialized knowledge will assist the trier of fact to understand
the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge,
skill, experience, training, or education, may testify thereto in the form of an opinion or
otherwise." Tex. R. Evid. 702. In Emerson v. State, 880 S.W.2d 759 (Tex. Crim. App.
1994), the Texas Court of Criminal Appeals held that testimony concerning the HGN test is
scientific evidence and is subject to the requirements of Kelly v. State, 824 S.W.2d 568, 573-74 (Tex. Crim. App. 1992), to be admissible under Rule 702. Emerson, 880 S.W.2d at 764. 
The Texas Court of Criminal Appeals held in Kelly that in order for evidence derived from
scientific theory to be considered reliable, "(a) the underlying scientific theory must be valid;
(b) the technique applying the theory must be valid; and (c) the technique must have been
properly applied on the occasion in question." Kelly, 824 S.W.2d at 573. Hays complains
the State failed to prove the third requirement of Kelly because the State did not show
Williams administered the HGN correctly.

 Hays relies on State v. Rudd, 255 S.W.3d 293 (Tex. App.--Waco 2008, pet. ref'd), in
arguing that the State could not prove that the HGN test was administered properly without
video footage. In Rudd, a DPS trooper responded to a single-vehicle accident. Rudd, 255
S.W.3d at 295. The defendant, Rudd, was the cousin of the injured driver, and had driven
to the accident scene. Id. at n.1. The trooper administered field sobriety tests to Rudd and
arrested him for driving while intoxicated. Id. The State appealed the trial court's order
granting Rudd's motion to suppress the arresting officer's testimony regarding his
performance on the HGN test. Id. 

 The trooper in Rudd testified that he videotaped the walk-and-turn test and the one-leg-stand test, but not the HGN test. Id. at 295-96. Although his reasoning for not
videotaping the HGN test was because he had moved Rudd to a position where the flashing
lights would not interfere with the test, the trooper conceded that he had been advised that
if the HGN is not videotaped then a defense attorney would be prevented from attacking the
test administration. Id. at 296. The trooper explained that his partner adjusted the video
camera to depict the trooper administering the other two tests, but for the HGN test, the
trooper positioned Rudd where he was not depicted on the videotape recording. Id. He
admitted that one of the purposes of the DPS videotaping policy was to allow supervisors 
to evaluate an officer's performance, and because he had not videotaped the HGN test, his
supervisors would be unable to evaluate whether he properly administered the test. Id. at
297. The trooper in Rudd also stated that DPS policy required the camera to be in operation
during the stop but did not require the videotaping to depict the trooper administering the
HGN test to the defendant. Id. at 296. 

 In affirming the trial court's order granting Rudd's motion to suppress the HGN
testimony, the appellate court explained that, "[a]lthough [the trooper] testified that he
administered the HGN test in accordance with the recommended procedures, the court found
his credibility to be lacking on this issue because of his failure to have Rudd perform the
HGN test on video." Id. at 301. The court in Rudd did not hold that the failure to videotape
the HGN test bars the admission of the HGN evidence. The court held that the trial court did
not abuse its discretion in excluding the HGN evidence under the circumstances of that case. 
Id. at 301-02. 

 In this case, Agent Williams's patrol car was not equipped with a video camera. He
testified that he was certified to administer the field sobriety tests and that he administered
the tests to Hays in compliance with his training. He detailed how he administered each of
the three field sobriety tests. He explained that he intended to re-administer the field sobriety
tests at the jail, but the video equipment at the jail was not functioning. The trial court did
not grant the motion to suppress. We view the evidence in the light most favorable to the
trial court's ruling. The court could reasonably conclude Williams properly administered the
HGN test to Hays based on this record. The trial court did not abuse its discretion in denying
the motion to suppress. Appellant's issue is overruled. 

 The judgment is affirmed. 

 AFFIRMED.

 _________________________________

 DAVID GAULTNEY

 Justice 

 

Submitted on May 19, 2009 

Opinion Delivered June 24, 2009

Do not publish


Before McKeithen, C.J., Gaultney and Horton, JJ.